IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH STANLEY TROTTER IV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2484-S-BN |
| | § | |
| TEXAS OFFICE OF THE ATTORNEY GENERAL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Stanley Trotter IV filed this *pro se* action under 42 U.S.C. § 1983 "to address the unconstitutional garnishment of [his] wages for child support arrears alleged by the Texas Office of the Attorney General [("OAG")] without [his] consent and in violation of due process." *E.g.*, Dkt. No. 9 at 1.

In addition to alleging that his constitutional rights have been violated, Trotter asserts a claim under the Fair Debt Collection Practices Act ("FDCPA") and for unjust enrichment under state law. *See, e.g., id.* at 3.

The Court granted Trotter's motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 4 & 5. And he responded to a screening questionnaire, *see* Dkt. Nos. 6 & 7, amended his unserved complaint as a matter of course, *see* Dkt. No. 9; FED. R. CIV. P. 15(a)(1)(A), and moved for a preliminary injunction, *see* Dkt. No. 10.

His lawsuit is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. *See also* Dkt. No. 8.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should deny the request for a preliminary injunction and dismiss this lawsuit.

## Legal Standards

The IFP statute requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief'

is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

The facts as alleged in the operative complaint are:

> In 2016, the Texas Office of the Attorney General claimed that Plaintiff owed approx. $47,000 in child support arrears.
> In 2016, Defendants began garnishing Plaintiff's wages at $2,082 monthly based on a purported wage withholding order issued on company letterhead, which Plaintiff believes to be fictitious.
> Plaintiff did not consent to the garnishment and has repeatedly requested validation of the alleged debt from Defendants. Pursuant 15 U.S.C. § 1692g.
> Despite multiple requests for validation and cease and desist notices sent by Plaintiff, Defendants have failed to provide validation of the debt and continue to garnish Plaintiff's wages.
> The failure to validate the debt and the continued garnishment of wages without proper legal authority or due process constitutes a violation of Plaintiff's rights under the Fourteenth Amendment and federal law.

Dkt. No. 9 at 2.

As always, the Court must first consider its jurisdiction. *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)).

That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented

by statute, and § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

This jurisdiction-stripping immunity extends to the OAG and its employees considering the facts alleged here. *See, e.g.*, *El Bey v. Dominguez*, 540 F. Supp. 3d 653, 678 (N.D. Tex. 2020) ("The State of Texas and Texas Attorney General's Office fall squarely within even the narrowest parameters the Supreme Court has imposed on the Eleventh Amendment since 1796." (citation omitted)); *Rodriguez v. Shamburger*, No. 1:23-cv-117, 2023 WL 6466577, at *2 (S.D. Tex. Sept. 5, 2023) ("Relevant here, the Office of the Attorney General of Texas is an arm of the state entitled to sovereign immunity." (cleaned up; collecting cases)), *rec. adopted*, 2023 WL 6465848 (S.D. Tex. Oct. 4, 2023).

Trotter further names as a defendant an entity that appears to be an OAG contractor.

> Federal courts, and some Texas courts of appeals, have held that "government contractors obtain certain immunity in connection with work which they do pursuant to their contractual undertakings with the [government]." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166 (2016) (quoting *Brady v. Roosevelt S.S. Co.*, 317 U.S. 575, 583 (1943)). "[U]nlike the sovereign's," however, that immunity "is not absolute." *Id.*

*Nettles v. GTECH Corp.*, 606 S.W.3d 726, 731 (Tex. 2020) (cleaned up).

But "the Texas Supreme Court has not yet decided whether to recognize a 'doctrine of derivative sovereign immunity for contractors,' or how to determine the scope of that immunity." *MedARC, LLC v. UnitedHealth Grp. Inc.*, No. 3:21-cv-159-

N-BH, 2021 WL 5762782, at *7 (N.D. Tex. Oct. 25, 2021) (quoting *Nettles*, 606 S.W.3d at 733; citations omitted), *rec. accepted*, 2021 WL 5760676 (N.D. Tex. Dec. 3, 2021).

And it is uncertain "how Texas law on derivative governmental immunity relates to federal law on § 1983." *Santander Consumer USA, Inc. v. City of San Antonio*, 5-21-CV-00172-OLG-RBF, 2023 WL 5167044, at *3 (W.D. Tex. May 23, 2023).

"The relationship between the two standards is challenging to grasp – to say the least – given that it's unclear the extent to which derivative governmental immunity for private contractors is recognized under Texas law, much less what the dimensions of such an immunity doctrine are or would be." *Id.* (citing *Nettles*, 606 S.W.3d at 732-33, and further observing that "[i]t's entirely possible, in other words, that [a government contractor] is not entitled to derivative immunity under Texas law but still could be deemed a state actor for purposes of § 1983").

Regardless, even if the ostensible government contractor named as a defendant here is not entitled to the OAG's immunity and could be deemed a state actor – one element required to allege liability under Section 1983, *see Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) – Trotter has not alleged a plausible violation of federal law.

> Taking the FDCPA first, under the Act, "'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment," 15 U.S.C. § 1692a(5), and "courts have been unanimous in holding that child support payments are not a 'debt' covered by the act," *Campbell v. Baldwin*, 90 F. Supp. 2d 754, 757 (E.D.

> Tex. 2000) (collecting cases, including *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) ("child support obligations" arise out of "administrative support order[s] issued by [state agencies]" and therefore "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services" but instead were imposed "to force [parents] to fulfill their parental duty to support their children")).

*McGee v. Pilant*, No. 3:17-cv-2275-B-BN, 2017 WL 6033740, at *2 (N.D. Tex. Oct. 27, 2017) (finding that the plaintiff did not "therefore state a plausible claim under the FDCPA concerning the child support obligations"), *rec. accepted*, 2017 WL 6025336 (N.D. Tex. Dec. 5, 2017); *accord Marshall v. Carter*, No. 4:20-CV-993-SDJ, 2021 WL 4316620, at *2 n.1 (E.D. Tex. Sept. 23, 2021).

And Trotter's alleged constitutional violation – derivative of the frivolous FDCPA claim: "[t]he failure to validate the debt and the continued garnishment of wages without proper legal authority or due process constitutes a violation of Plaintiff's rights under the Fourteenth Amendment and federal law" – is, if not itself frivolous, not plausibly pled because it's supported only by legal conclusions.

So, to the extent that the Court has jurisdiction to consider Trotter's alleged violations of federal law, they should be dismissed with prejudice under the IFP statute, particularly considering that, because Trotter first amended his claims in response to the screening questionnaire and then filed an amended complaint as a matter of course, he has been afforded the opportunity to state his best case. *See Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. Rule 15(a) provides that leave to amend shall be freely given when justice so requires. The language of this rule evinces a bias

in favor of granting leave to amend. Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case. A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint. A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. Similarly, a district court need not grant a futile motion to amend." (cleaned up)).

And, because Trotter has only pled subject matter jurisdiction under 28 U.S.C. § 1331, *see* Dkt. No. 9 at 2, once the federal claims are dismissed at this initial stage, there will no longer be an "independent basis of subject matter jurisdiction" to allow for supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining state law count. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

Under these circumstances, a balance of the applicable factors favors relinquishing jurisdiction over the remaining state law claims at this initial stage, so the Court should decline to exercise supplemental jurisdiction over the alleged violations of Texas law. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Finally, for all these reasons, Trotter also has not shown a substantial likelihood of success on his claims, so the Court should deny the motion for a preliminary injunction. *See Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009).

## Recommendation

The Court should deny the motion for a preliminary injunction, dismiss all claims arising under federal law with prejudice, and relinquish jurisdiction over the remaining state law claim, dismissing that claim without prejudice, to allow Plaintiff Joseph Stanley Trotter IV to pursue it in a state forum if he so chooses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE